UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELIJAH BEN ISRAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:06-CV-53 WL |
| v. ) | |
| ) | |
| GRANT COUNTY TREASURER, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

On February 24, 2006, Elijah Ben Israel, a pro se Plaintiff filed an Application to Proceed Without Prepayment of Fees (in forma pauperis). The Plaintiff attached with the application a motion for injunctive relief. For the following reasons, the Plaintiff's request to proceed without prepayment of fees and costs will be DENIED.

DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In order to authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and

second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). In this case, the Plaintiff reports that he is not currently incarcerated and is currently employed. He states that he is not employed, but receives $337 each week for nine weeks. The Plaintiff states that in the last twelve months he has not received any income from such sources as a business, profession, or other self-employment; rent payments, interest, or dividends; disability or workers compensation payments; pensions, annuities, or life insurance payments; or gifts or inheritances. He reports that he has no bank account. Finally, the Plaintiff reports that he has two dependents. In light of his reported financial situation, the Court is satisfied that the Plaintiff meets the statutory poverty requirements under 28 U.S.C. § 1915(a).

The analysis does not end here, however. In assessing whether the Plaintiff may proceed in forma pauperis, the Court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). In this case, the Plaintiff alleges that the Grant County Treasurer unreasonably sold his property.

Mr. Israel's complaint appears to challenge the constitutionality of forcing African-American's to pay property taxes because it infringes upon his promised freedom from involuntary service and freedom from unreasonable seizures. However, the relief sought by Mr. Israel establishes that he seeks only to recover his personal loses regarding the sale of his property. His effort to collaterally attack the state court's judgment allowing the sale of his property is unavailing.

> The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions. Furthermore, the Rooker-Feldman principle extends to claims that are inextricably intertwined with the state-court judgment such that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. The pivotal question, then, is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. To put it another way, the key inquiry is whether the district court is in essence being called upon to review the state-court decision.

*Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) (Citations and quotation marks omitted.) Here, Mr. Isreal is asking this court to reverse the decisions of the state court's judgment which allowed the county treasurer to sell his property at the tax sale, to order the defendant to reimburse him, and to order the defendant to pay all future tax payments. The Rooker-Feldman doctrine does not permit this.

CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's request to proceed in forma pauperis [DE 2] and DISMISSES this complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED.

April 5, 2006

                                                  S/William C. Lee  
                                                  William C. Lee, Judge  
                                                  United States District Court